CARROLL.

---

## STATE v. TOWLE.

In an indictment upon a statute prohibiting the commission of "any act whereby any tree . . . shall be injured," an averment that the defendant did "girdle" a growing tree does not allege an injury with sufficient certainty.

INDICTMENT, charging that the defendant, "on the twenty-second day of August, 1881, at Effingham, in the county of Carroll aforesaid, with force and arms, did wilfully, maliciously, and unnecessarily girdle six elm trees then and there standing and growing for ornament and shade on the side of the street, near to the dwelling-house of Joseph L. Drake, situate in said Effingham, and there-afterwards, to wit, on the seventh day of December, 1881, did wilfully and maliciously cut down and destroy the trees aforesaid, contrary," etc.

The defendant moved to quash, because the indictment charges two offences, and on other grounds. On the plaintiffs' motion, the indictment was amended by striking out the charge of an offence committed in December.

*W. J. Copeland*, for the defendant.

*J. B. Nash, solicitor*, for the state.

DOE, C. J. " If any person shall wilfully, maliciously, wantonly, or unnecessarily commit any act whereby any tree placed or growing for ornament or use in any yard, street, square, or other place, . . . shall be injured, . . . he shall be punished." G. L., *c.* 281, *s.* 3. This provision is not violated unless a tree is injured. If the elms were dead when they were cut down in December, they might not have been injured by the mere cutting. There are cases in which the removal of a small quantity of bark from living fruit trees is regarded by some as good husbandry; and it is neither a matter of law, nor a matter of fact of which judicial notice can be taken, that the slightest possible girdling is injurious to elms in every condition and under all circumstances. A ring of their bark is often scraped off in a process of protecting them against the canker-worm. In ordinary speech, various degrees of abrasion are called girdling; and on the question of the sufficiency of the indictment there is no occasion to go into an investigation of the depth necessary to make an incision injurious. It is easy to use the language of the statute in drawing an indictment, and it is not easy to find a legal ground on which it can be held that a charge of girdling alleges an injury with the certainty required in criminal pleading. However probable it may be that girdled trees are damaged, it is better to adhere to the statutory description of the offence than to rely upon a degree of probability open to a possible doubt. Other objections, raised by the defendant's motion, need not be considered.

*Indictment quashed.*

SMITH, J., did not sit: the others concurred.